VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF VIRGINIA BEACH

TANYA L. STILES
        Plaintiff,

v.

CASE NO.: CL20.3019

JURY TRIAL DEMANDED

SANDBRIDGE PROPERTIES, LLC,

and

FOOD LION, LLC.

        Defendants.


RECEIVED APR 17 2020

## COMPLAINT

COMES NOW the Plaintiff, Tanya L. Stiles, ("Plaintiff") by counsel, to demand judgment against the Defendants, Sandbridge Properties, LLC ("Sandbridge") and Food Lion, LLC ("Food Lion," and collectively with Sandbridge, "Defendants"), and in support thereof states as follows:

1. Plaintiff is a private individual who resides in Virginia Beach, Virginia.

2. Defendant Sandbridge is a limited liability company organized under the laws of the state of Georgia with its principal office in Nashville, Tennessee.

3. Defendant Food Lion is a limited liability company organized under the laws of the state of North Carolina with its principal office in Salisbury, North Carolina.

4. Venue is proper in this Court pursuant to Virginia Code § 8.01-262(4) because the cause of action for negligence alleged herein arises from a trip and fall incident that occurred in the City of Virginia Beach, Virginia.

5. This Court has personal jurisdiction over the Defendants because, at all times relevant to the matters alleged in this Complaint, each of them regularly transacted business within the


EXHIBIT 1

Commonwealth of Virginia. Jurisdiction is also proper pursuant to Virginia Code § 8.01-328.1(A)(3) because Defendants are alleged to have caused a tortious injury by an act or omission that occurred in the Commonwealth of Virginia and the cause of action for negligence alleged herein arises from said act or omission.

6. Beginning at least as early as the year 2000, and through May 2, 2018 (when the trip and fall incident which is the subject of this Complaint occurred), Sandbridge was the record owner of a shopping center located at 2005 Sandbridge Road in Virginia Beach, Virginia, including but not limited to the parking lots surrounding the retail establishments in said shopping center (the "Premises").

7. Beginning at least as early as the year 2000, and through May 2, 2018 (when the trip and fall incident which is the subject of this Complaint occurred), Food Lion leased from Sandbridge a building located on the Premises, in which Food Lion operated and managed a "Food Lion" grocery store. On information and belief, the lease terms allowed Food Lion use and possession of the parking lots on the Premises.

8. At all times relevant to this Complaint, including on May 2, 2018, Defendants invited the general public, including Plaintiff, onto the Premises for any lawful purpose, including but not limited to purchasing groceries and other items at Food Lion's store and using the parking lots for their intended purposes.

9. As such, each of the Defendants had a duty to persons on the Premises, including Plaintiff, to use ordinary care to keep the Premises in a reasonably safe condition, to not create or allow any dangerous conditions to exist on the Premises, and to warn persons present on the Premises of any such dangerous conditions.

10. On May 2, 2018, Plaintiff arrived at the Premises for the purpose of purchasing items at Food Lion's store. Plaintiff parked in the parking lot on the Premises and commenced walking towards the Food Lion store.

11. As Plaintiff approached the store, she tripped on a pothole in the parking lot and fell, thus causing her to suffer significant and serious injuries. The pothole was located approximately three feet from the sidewalk immediately in front of the Food Lion store entrance.

12. On information and belief, Defendants knew of the existence of the pothole and the danger that it posed to invitees, such as Plaintiff, prior to and on May 2, 2018. At a minimum, Defendants should have known of the pothole and the danger posed thereby, and therefore had constructive notice of the same, prior to and on May 2, 2018.

13. Defendants, as the owners, operators, and/or managers of the Premises, breached their duties to Plaintiff by, *inter alia*:

   a. Negligently permitting a dangerous condition – namely, the pothole – to exist on the Premises; and

   b. Negligently failing to warn Plaintiff of the dangerous condition reflected by the pothole.

14. As alleged herein, Defendants' breaches of their duty of due care and negligence caused Plaintiff to trip and fall on the pothole and to become seriously injured.

15. As a direct and proximate result of Defendants' negligence, Plaintiff was harmed and suffered damages, and will continue to be harmed and to suffer damages in the future, including but not limited to medical expenses, physical injuries and limitations, lost wages, and pain and suffering.

## JURY DEMAND

16. Plaintiff hereby demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff, by counsel, moves the Court for a judgment against the Defendants, jointly and severally, for damages in the sum of TWO MILLION DOLLARS ($2,000,000.00), together with pre- and post-judgment interest, the costs of this action, and such other and further relief as the Court may deem just and proper.

TANYA L. STILES

By: _____
Of Counsel


George Gorman, Esquire (#89200)
Noah D. Weisberg, Esquire (#48908)
Weisberg & Weisberg, P.L.L.C.
744 Thimble Shoals Blvd., Suite B
Newport News, VA 23606
george@weisbergattorneys.com
*Attorneys for Plaintiff Tanya L. Stiles*

4